IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


REYNALDO TREVINO,        :
            :
      Petitioner       :
            :    CIVIL NO. 4:10-CV-2062
            :
      v.           :    (Judge McClure)
            :
DAVID J. EBBERT,        :
            :
      Respondent    :

## MEMORANDUM

November 5, 2010

## I.    INTRODUCTION

Petitioner Reynaldo Trevino ("Petitioner" or "Trevino"), an inmate presently

confined at the Federal Correctional Institution at Allenwood ("FCI Allenwood") in

White Deer, Pennsylvania, initiated the above action *pro se* by filing a petition for writ

of habeas corpus ("petition"). (Rec. Doc. No. 1.) He has paid the required $5.00

filing fee. (*See* Rec. Doc. No. 4.) Trevino challenges his 2009 conviction in the

Circuit Court of Cook County, Illinois, on the basis that his counsel was ineffective in

failing to advise him of the deportation consequences of entering a guilty plea. For

the reasons set forth below, this action will be transferred to the United States District

Court for the Northern District of Illinois.

## II.    BACKGROUND

In his petition, filed on October 5, 2010, Trevino states that, on May 14, 2009, he pled guilty in the Circuit Court of Cook County, Illinois before the Honorable Charles P. Burns to one (1) count of a controlled substance offense in case number 08-CR-2201601.  (Rec. Doc. No. 1 at 3.)  He was sentenced to eighteen (18) months imprisonment.  (*Id.*)

In the instant petition, Trevino requests that this Court vacate his Illinois conviction because his appointed counsel was ineffective in failing to advise him of the potential deportation consequences of entering a guilty plea.  (*Id.* at 3-5.)  In support of his claim, he cites the United States Supreme Court's holding in *Padilla v. Kentucky*, - - - U.S. - - - - , 130 S. Ct. 1473 (2010)[1] that the failure by criminal defense counsel to advise a client of the deportation consequences of entering a guilty plea constitutes ineffective assistance of counsel.  (*Id.* at 4.)  Trevino requests that we vacate his Illinois conviction with prejudice; permit him to remain in the United States pending a discretionary hearing before this Court; or, in the alternative, permit him to remain in the United States while he attempts to acquire legal residency.  (*Id.* at 7.)

## III.    DISCUSSION

Preliminarily, we observe that the instant petition was docketed as having been

---

[1]Trevino indicates in his petition that the Supreme Court issued its decision in *Padilla* in 2009, but the decision was issued on March 31, 2010, nearly one (1) year after the date on which Trevino states he entered his guilty plea in Illinois.

2

filed under 28 U.S.C. § 2241 by a detainee of the United States Immigration and Customs Enforcement ("ICE") Office. However, Trevino does not state that he is challenging his detention pending removal from the United States after a final order of removal has been entered, or his detention pending the completion of removal proceedings.[2] Rather, he is challenging the constitutionality of his 2009 conviction in the Circuit Court of Cook County, Illinois, a state court, on the basis that he received ineffective assistance of counsel. A challenge to the constitutionality of a state court conviction is properly pursued under 28 U.S.C. § 2254, and therefore, we construe the instant petition as having been filed under that section.

Having determined the proper classification of the instant petition, we now consider the issue of venue. Title 28 U.S.C. § 1391(b)(2) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as

---

[2]To the extent that a final order of removal has been entered, and Trevino is challenging his removability itself, pursuant to the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005), this Court does not have jurisdiction over such a challenge. Rather, if Trevino's order of removal has become final, his challenge should be filed with the court of appeals having territorial jurisdiction over the district in which his immigration judge sits. *See* 8 U.S.C. § 1252(a)(5); *Kolkevich v. Attorney General of the United States,* 501 F.3d 323, 326 (3d Cir. 2007) (the Real ID Act "eliminated the availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal. Instead, Congress substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal").

otherwise provided by law, be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Because habeas proceedings generally are considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir. 2000). Moreover, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973).

As previously noted, Trevino is challenging a conviction in the Circuit Court of Cook County, Illinois, which is located within the jurisdiction of the United States District Court for the Northern District of Illinois. All records of conviction, transcripts of proceedings, witnesses, and counsel likewise are located within that District. Thus, for the convenience of the parties and in the interest of justice, this action will be transferred to the United States District Court for the Northern District of Illinois. An appropriate Order follows.

  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


REYNALDO TREVINO,                    :
                                     :
          Petitioner                 :
                                     :  CIVIL NO. 4:10-CV-2062
                                     :
     v.                              :  (Judge McClure)
                                     :
DAVID J. EBBERT,                     :
                                     :
          Respondent                 :

## ORDER

November 5, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED**

**THAT:**

1.    The Clerk of Court is directed to **TRANSFER** the above-captioned case

to the United States District Court for the Northern District of Illinois.

2.    The Clerk of Court is directed to **CLOSE** this case in this Court.



      s/ James F. McClure, Jr.
      JAMES F. McCLURE, JR.
      United States District Judge